## NATIONAL SURETY CO. v. FIRST STATE BANK OF HAWLEY. (No. 1466.)

(Court of Civil Appeals of Texas. El Paso. April 19, 1923. Rehearing Denied May 10, 1923.)

Insurance ⬤⟾495(2)—Recovery on burglary insurance policy held not reduced because securities stolen had not been in small chest in inner chest of vault.

A burglary insurance policy provision that but 10 per cent. of the losses could be recovered if the property stolen, though within the safe, was not within an inner steel chest, did not reduce recovery where the money and securities stolen were both within the safe and within an inner chest, though not within a still smaller chest or box designated as a cash box, the contents of which had not been stolen; the larger inner chest being deemed to be the one referred to in the policy.

Appeal from District Court, Jones County; W. R. Chapman, Judge.

Suit by the First State Bank of Hawley against the National Surety Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Templeton, Beall, Williams & Worsham, and A. S. Rollins, all of Dallas, for appellant.

Joe Randel, of Hamlin, and J. H. Sinnott and W. B. Lewis, both of Dallas, for appellee.

WALTHALL, J. The First State Bank of Hawley brought this suit against the National Surety Company to recover on a burglary policy issued by the National Surety Company, alleging in substance that during the life of said policy the appellee bank suffered a loss by burglary, covered by the policy, aggregating $5,178.78, which loss was made up of cash, Liberty Bonds, etc., itemized, and belonging to the appellee bank, one item of the amount sued for of $1,922.61 representing Liberty Bonds and war saving stamps belonging to customers of the bank, and placed in the bank on terms stated, and contained inside a Mosler safe vault, and inside that part and inner chest thereof which, by the terms of the policy, make appellant company liable for the full value of the loss sustained.

The National Surety Company answered that the policy sued on contained a provision, in effect, that 10 per cent. of the policy and no more could be recovered in case the prop-

---

erty lost was not contained in the inner steel burglar-proof chest contained in the safe, and that 10 per cent. only could be recovered for loss from any safe containing a steel burglar-proof chest, unless the loss is effected from within the said chest after both forcible entry into the safe, and forcible entry into the chest; that the safe covered by the policy contained within the burglar-proof vault an inner steel burglar-proof chest which was not broken into, and that all of the property lost by the appellee bank was situated outside of such inner steel burglar-proof chest, and for that reason the bank would be entitled to recover on the policy the property damage and 10 per cent. on the $8,000 policy, which amounts aggregate $1,566.10, payment of which amount the appellant company tendered.

The court submitted the case to the jury on the one issue as to whether or not the money and securities belonging to the bank were taken from the inner steel burglar-proof chest. The surety company objected to the charge on the ground that there was no issue of fact to submit to the jury, and the court should instruct the jury in its favor, and submitted a general charge to that effect.

The jury answered the submitted issue in the affirmative, and the court entered judgment for the bank for $3,254.72, being the amount sued for, less the $1,922.61 representing the customers' Liberty Bonds and war saving stamps.

Appellant, under its three propositions, contends that the undisputed evidence showing there was in the safe an inner steel burglar-proof chest, and that nothing was taken from this chest by the burglars, there was no issue of fact to be submitted to the jury, and the court should have instructed the verdict in appellant's favor, except as to the property damage and 10 per cent. of the policy as admitted and tendered by appellant.

The provision in the policy relied on by appellant reads:

"No. 10. Ten per cent. and no more of the amount of insurance attaching specifically on contents of any safe containing an inner steel burglar-proof chest shall automatically apply, if the safe is burglar-proof, on money and securities in said safe outside of its inner chest, and if the safe is fireproof only, then said ten per cent. and no more shall apply only on securities, silver and subsidiary coin in the said safe outside of its inner chest."

The evidence, we think, sustains appellee's contention that the apartment in the safe back of the inner or middle steel burglar-proof door and in the safe vault proper, and itself an inner steel burglar-proof chest, is the inner chest referred to in the policy, from which, if the money was taken, the insurer would be liable for the full value of the money taken. That inner chest, as shown by the evidence, fully meets all of the terms and conditions of the policy and from which the uncontroverted evidence shows the money was taken. There was another chest much smaller in size inside the inner vault of the safe to which the witnesses referred, and designate as the "cash box," which smaller chest or box also meets all of the requirements of the policy, and from which no money was taken. In the absence of anything in the policy itself, or in the evidence identifying the cash box as the inner chest referred to in the policy, we see no good reason for holding that the cash box, rather than the larger steel chest, is the one referred to in the policy. Both chests were used by the bank as receptacles for money.

Finding no reversible error, the case is affirmed.